IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

DARRON KAIN,

            Plaintiff,            No. 2:11-cv-2177 CKD

    vs.

MICHAEL J. ASTRUE,           <u>ORDER</u>
Commissioner of Social Security,

            Defendant.

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

        Plaintiff was born July 25, 1969 and applied on April 30, 2008 for Supplemental Security Income disability benefits under Title XVI of the Social Security Act. (Tr. at 133.) Plaintiff alleged that he was unable to work due to mental health disorder, depression, and low

/////

/////

/////

back pain. (Tr. at 147.) ALJ Daniel G. Heely determined in his March 31, 2010 opinion that plaintiff was not disabled.[1] (Tr. at 12-18.) The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since April 30, 2008, the application date.
>
> 2. The claimant has the following severe impairments: psychotic disorder; depressive disorder; and low back pain.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

    3.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    4.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of medium work as defined in 20 CFR 416.967(c). He is limited to lifting or carrying 50 pounds occasionally and 25 pounds frequently; standing or walking 6 hours in an 8-hour workday; and sitting 6 hours in an 8-hour workday. He is also limited to performing simple, routine tasks and jobs that have occasional public contact.

    5.    The claimant has no past relevant work.

    6.    The claimant was born on July 25, 1969 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

    7.    The claimant has a limited education and is able to communicate in English.

    8.    Transferability of jobs skills is not an issue because the claimant does not have past relevant work.

    9.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    10.    The claimant has not been under a disability, as defined in the Social Security Act, since April 30, 2008, the date the application was filed.

(Tr. at 14-18.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. (Tr. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 16, 2011.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed two principal errors in finding plaintiff not disabled: (1) the ALJ failed to properly credit the opinion of examining psychiatrist Dr. White; (2) the ALJ did not credit the testimony of the vocational expert (VE) in response to a hypothetical.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Whether the ALJ Improperly Failed to Credit the Opinion of an Examining Physician

Plaintiff contends that the ALJ improperly failed to credit the opinion of examining psychiatrist Dr. White without a legitimate reason.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

4

1          To evaluate whether an ALJ properly rejected a medical opinion, in addition to
2  considering its source, the court considers whether (1) contradictory opinions are in the record,
3  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of
4  a treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>,
5  81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may
6  be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  <u>Id</u>.
7  at 830.  While a treating professional's opinion generally is accorded superior weight, if it is
8  contradicted by a supported examining professional's opinion (e.g., supported by different
9  independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u>, 53 F.3d
10 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).
11 In any event, the ALJ need not give weight to conclusory opinions supported by minimal
12 clinical findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's
13 conclusory, minimally supported opinion rejected); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751.

14         Plaintiff is correct that the ALJ gave little weight to examining physician Dr.
15 White's opinion.  (Tr. at 16.)  However, Dr. White's opinion was unsubstantiated by clinical
16 findings, and the ALJ was within his discretion to give little weight to Dr. White's opinion.
17 <u>See</u> <u>Meanel</u>, 172 F.3d at 1113.  In her narrative report, Dr. White wrote that plaintiff "lack[ed]
18 energy and initiative to re-establish himself vocationally in the community."  (Tr. at 397.)  In
19 the check-box form, Dr. White marked plaintiff as "moderately limited" in some categories
20 assessing plaintiff's ability to concentrate and follow through with assignments.  (Tr. at 399.)
21 Dr. White did not provide support for these findings and referred readers to her narrative report
22 in the comments section of the check-box form.  (Tr. at 401.)

23         Dr. White described plaintiff in the narrative report as "alert, well-groomed" and
24 "cooperative, articulate and communicative."  (Tr. at 396.)  Dr. White noted that plaintiff
25 answered questions in a "relevant and coherent fashion" and that plaintiff did not "display
26 hostility, agitation or acute emotional distress."  (Tr. at 396.)  Dr. White also recorded that
27 plaintiff's mental health problems were either controlled or in remission because of medication.
28 (Tr. at 396, 397.)  The ALJ properly found that Dr. White's opinion was not substantiated by

her examination. (Tr. at 16.) Dr. White did not adequately support her "moderately limited" findings anywhere in her narrative or check-box report. (Tr. at 395-402.) Dr. White's "moderately limited" findings were inconsistent with her independent clinical observations of plaintiff. The ALJ was therefore within his discretion to give little weight to Dr. White's opinion.

Plaintiff contends that the ALJ did not properly substantiate his determination to give little weight to Dr. White's opinion. Contradicted opinions of an examining physician can be rejected for specific and legitimate reasons supported by substantial evidence. Lester, 81 F.3d at 830-31. The ALJ rejected Dr. White's opinion about plaintiff's moderately limited work abilities because it was inconsistent with Dr. White's finding that plaintiff did not present as clinically depressed. (Tr. at 16.) The ALJ noted that this inconsistency, along with Dr. White's minimally supported conclusions, led him to give little weight to her opinion. (Tr. at 16.) In doing so, the ALJ also properly considered: (1) the contradictory state agency medical opinion of Dr. Tashjian; (2) plaintiff's parole medical record; (3) a third party function report from plaintiff's sister; and (4) a function report from plaintiff.

The ALJ discussed the state agency mental RFC assessment by psychiatrist Dr. Tashjian. After reviewing plaintiff's medical records, Dr. Tashjian opined, "Claimant can complete simple repetitive tasks." (Tr. at 235.) Dr. Tashjian filled out a checkbox form and concluded plaintiff was not significantly limited in 18 of 20 categories and was only moderately limited in the two remaining categories. (Tr. 233-234.)

The ALJ also considered medical records from plaintiff's parole outpatient clinic. Licensed Clinical Social Worker (LCSW) Douglas Brewer noted that plaintiff told him, "Everything going alright. . . ." (Tr. at 314.) LCSW Brewer also recorded that plaintiff was doing "a lot of yard work," including "fencing and mowing," and rode a bicycle for transportation. (Tr. at 314.) Plaintiff told LCSW Brewer that he completed a weekend roofing project, started a job for a church doing yard work, and went fishing. (Tr. at 383.) Parole outpatient clinic examining psychiatrist Dr. John Lindgren noted plaintiff, "Liked his medications. Doing well. Excellent control of symptoms. Stable." (Tr. at 388.)

1  The ALJ also reviewed a third party function report submitted to SSA by
2  plaintiff's sister, Sherri Johnson, and a function report completed by plaintiff.  Sherri Johnson
3  checked a box or wrote that plaintiff took care of his personal needs, shopped for groceries, did
4  not need reminders to take medication, and completed household chores, like mowing and
5  laundry, in a normal amount of time. (Tr. at 155-156.)  Johnson noted that plaintiff got along
6  with authority figures and handled stress and changes to his routine.  (Tr. at 157.)  Johnson
7  reported that plaintiff would get around by walking and bicycling.  (Tr. at 156.)  Plaintiff wrote
8  in the function report he submitted to SSA that he spent his day, "Work[ing] around the yard."
9  (Tr. at 161.)  Plaintiff wrote that he could follow verbal instructions "pretty well" and written
10 instructions "fine when understanding."  (Tr. at 166.)  In response to questions about shopping
11 and money, plaintiff emphasized with capital letters or underlined text that he had, "No
12 money."  (Tr. at 164.)  Plaintiff did not document any physical limitations other than his use of
13 eyeglasses.  (Tr. at 161-168.)

14  The ALJ properly considered the record as a whole.  Howard, 782 F.2d at 1487.
15 The ALJ's reasons for discounting Dr. White's opinion were "specific and legitimate" and
16 supported by substantial evidence.  Lester, 81 F.3d at 830-31.  The ALJ committed no
17 reversible error in according little weight to Dr. White's opinion.

18  B.  Whether the ALJ Improperly Failed to Credit the VE's Response to a Hypothetical

19  Plaintiff argues that the ALJ improperly failed to credit the VE's testimony in
20 response to hypothetical four.  Hypothetical questions posed to a vocational expert must set out
21 all of the substantial, supported limitations and restrictions of the particular claimant.
22 Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all
23 of the claimant's limitations, then the expert's testimony as to jobs in the national economy the
24 claimant can perform has no evidentiary value.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th
25 Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions, based on
26 alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for
27 the ALJ's determination must be supported by substantial evidence in the record as a whole.
28 Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

Plaintiff's attorney Robert Kolber asked the VE to assume many exertional and non-exertional stressors, a specific definition for "moderately limited," work-related stressors, and medical impairments in hypothetical four. (Tr. at 57-58.) Hypothetical four assumed these exertional limitations: (1) lifting and carrying twenty pounds occasionally and ten pounds frequently; (2) standing, walking, or sitting six hours in an eight hour day; (3) occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and (4) no climbing ropes, ladders, or scaffolds. (Tr. at 57.)

Hypothetical four also assumed the individual was moderately limited in these non-exertional areas: (1) perform within a schedule; (2) maintain regular attendance; (3) be punctual within customary tolerances; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms; (5) perform at a consistent pace without an unreasonable number and length of rest periods; (6) ability to get along with coworkers without unduly distracting them or exhibiting behavioral extremes; and (7) an ability to set realistic goals and make plans independently of others. (Tr. at 57.) Hypothetical four defined moderately limited as, "the performance is substantially impaired in terms of speed and accuracy, and can be performed only seldom to occasionally during an eight-hour workday." (Tr. at 57.)

In addition, hypothetical four posited the following work-related stressors: (1) production demands or quotas; (2) demand for precision or intolerance of error rates greater than five to ten percent; and (3) a need to make quick and accurate independent problem solving decisions on a consistent basis. (Tr. at 57-58.) Hypothetical four finally assumed that the individual's medical impairments would prevent him from completing a workday in a fulltime job setting approximately twice a month. (Tr. at 58.)

The VE answered that these limitations prevented the individual from performing all jobs in the national economy. (Tr. at 58.) The ALJ did not credit this answer. Plaintiff's attorney Robert Kolber based the limitations assumed in hypothetical four primarily on Dr. White's opinion. (Tr. at 56-59.) Plaintiff's argument here turns on his contention that the ALJ erroneously gave little weight to Dr. White's opinion. As discussed earlier, the ALJ

was within his discretion to give little weight to Dr. White's opinion. The ALJ was also within his discretion to give little weight to the VE's response to hypothetical four that assumed limitations based on Dr. White's opinion. See Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ does not have to rely on the limitations posed by plaintiff's attorney that are unsupported by the record. Id.

In determining plaintiff is not disabled, the ALJ relied on the VE's answer to hypothetical two and concluded that plaintiff was capable of performing jobs that existed in significant numbers in the national economy. (Tr. at 17-18.) Hypothetical two assumed an individual of plaintiff's age, education, ability to communicate in English, and RFC. (Tr. at 53-54.) Hypothetical two also assumed that the individual had no exertional limitations but restricted the individual to jobs involving simple, routine tasks and occasional public contact. (Tr. at 55.) The VE answered that assuming these factors, jobs existed in the national economy that the individual could perform. (Tr. at 55.) The VE gave assembler of small products, dishwasher, and hand packager as examples of these jobs. (Tr. at 55.) The hypothetical relied on by the ALJ included the limitations which were properly assessed by the ALJ and which are supported by substantial evidence. The ALJ committed no error with respect to the testimony of the VE.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (dkt. no. 15) is denied;

2. The Commissioner's Cross Motion for Summary Judgment (dkt. no. 20) is granted; and

3. Judgment is entered for the Commissioner.

Dated: July 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4/cody
kain.ss